IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60045
Conference Calendar
_____


HENRY CLAY LEWIS,

                                        Plaintiff-Appellant,

versus

MARSHALL COUNTY CORRECTIONAL FACILITY,
HOLLY SPRINGS, MISSISSIPPI; EMMITT L.
SPARKMAN, Warden; TODD GUELKER; WILLIAM
PEARY; EUGENE ESFORD; GLORY HARRIS;
F.S. JORDAN,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:98-CV-11-D-A
---------------------
June 16, 2000

Before JOLLY, DAVIS, and DUHÉ, Circuit Judges.

PER CURIAM:*

     Henry Clay Lewis, Mississippi prisoner # 12339, appeals the

district court's dismissal of his civil rights complaint as

frivolous.  He contends that he received a more severe punishment

for his minor violation than was warranted by prison policies.

To the extent Lewis is arguing a violation of prison policy, he

has not set forth a constitutional cause of action.  Hernandez v.

Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).  To the extent

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Lewis is contending that the punishment was imposed in violation of his due process rights, he has not shown that he suffered an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Lewis also asserts that he suffered a due process violation with respect to his complaint under the Administrative Remedy Program. Although he at one point asserts that he never received a response to his First Step, he concedes at another point that prison officials did respond to his grievance. To the extent Lewis contends that his due process rights were violated because he did not receive a response for nearly four months, he has not shown that this delay, even if unreasonable, affected his due process rights. Lewis implies that the delay interfered with his access to the courts. He has failed, however, to show an actual injury that would allow him to prevail on his claim. Lewis v. Casey, 518 U.S. 343, 349-51 (1996). Lewis finally implies that his money was seized improperly and he did not have an adequate postdeprivation remedy to recover it, so his due process rights were violated. Lewis has not shown that Mississippi did not provide a proper postdeprivation remedy; he has asserted only displeasure with the results of the steps he took to recover his funds.

Lewis has failed to show that the district court abused its discretion in dismissing his civil rights complaint as frivolous. The ruling of the district court is AFFIRMED.

Lewis has also filed a motion to divest the district court of jurisdiction. This has been done by Lewis's appeal from a final decision of the district court. The motion is DENIED AS MOOT.

AFFIRMED; MOTION DENIED AS MOOT.